# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHELLE R. BOGGS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:14-cv-613
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER

On July 27, 2015, the United States Magistrate Judge recommended that the Court reverse the Commissioner of Social Security's decision denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income and remand the case to the Commissioner and the Administrative Law Judge under sentence four of 42 U.S.C. § 405(g). (*See* Report & Recommendation at 1 [ECF No. 14].) After reviewing, and overruling, the Commissioner's objections, the Court adopted the Magistrate Judge's Report and Recommendation. (Sept. 23, 2015 Order at 1 [ECF No. 19].) The parties later stipulated to, and the Court granted, an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"). (Joint Stipulation at 1 [ECF No. 24]; Jan. 21, 2016 Order at 1 [ECF No. 25].)

Now before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) [ECF No. 26] filed by Grant E. Felbaum, Plaintiff's attorney. The Commissioner does not oppose the Motion. (Resp. at 2 [ECF No. 27].)

Under § 406(b)(1), a court may, following a favorable judgment on a Social Security disability appeal, award attorney fees not in excess of 25% of the past-due benefits received by the claimant. *See* 42 U.S.C. § 406(b)(1); *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 689,

691 (S.D. Ohio 2013). Section 406(b)(1) does not displace contingent-fee agreements; rather, it places a 25% cap on the amount recoverable, and it requires that the fee awarded be reasonable in light of the services rendered. *See* 42 U.S.C. § 406(b)(1); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If a claimant recovers attorney fees under both the EAJA and § 406(b)(1), the claimant's attorney must refund the amount of the smaller fee to the claimant. *Gisbrecht*, 535 U.S. at 796.

Plaintiff entered into a fee agreement with Mr. Felbaum's firm under which Plaintiff agreed that, if her appeal was successful, the firm would receive 25% of her past-due benefits. (Retainer Agreement at PageID 724 [ECF No. 26-3].) Pursuant to that agreement, Mr. Felbaum requests $9,200.00, which is less than 25% (i.e., $12,989.25) of the past-due benefits awarded to Plaintiff. (Mem. in Supp. at 3 [ECF No. 26-4].)[1] Upon review, the Court finds this amount to be reasonable and **GRANTS** Mr. Felbaum's Motion [ECF No. 26]. Once he receives the $9,200.00 awarded here under § 406(b)(1), Mr. Felbaum shall remit the previously awarded EAJA fees of $4,618.40 to Plaintiff.

**IT IS SO ORDERED.**

8-21-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Mr. Felbaum has indicated that his firm intends to separately seek approval of a fee under 42 U.S.C. § 406(a) for time spent handling Plaintiff's case before the Social Security Administration. (Mem. in Supp. at 2–3.) Mr. Felbaum represents that the total amount of fees requested (i.e., those requested under § 406(a) and (b)) will not exceed 25% of the past-due benefits awarded to Plaintiff. (*Id.* at 3.)

2